UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIVINE SON IRVIS, | |
| Petitioner, | |
| v. | C20-954 TSZ<br>[related to CR15-205 TSZ] |
| UNITED STATES OF AMERICA, | ORDER |
| Respondent. | |

THIS MATTER comes before the Court on petitioner Divine Son Irvis's motion under 28 U.S.C. § 2255 to vacate judgment, docket no. 1. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

In August 2015, Irvis pleaded guilty to (i) possession of heroin with intent to distribute, and (ii) being a felon in possession of a firearm. <u>See</u> Plea Agr. (CR15-205, docket no. 20). In January 2016, Irvis was sentenced to 144 months of imprisonment, to be served concurrently with a 24-month sentence for violating the conditions of supervised release imposed in another case in this district. <u>See</u> Judgment (CR15-205, docket no. 31); Judgment (CR04-461, docket no. 94). In the prior matter, Irvis had been convicted of possession of cocaine base with intent to distribute and was sentenced to

ORDER - 1

1  105 months in the custody of the Bureau of Prisons, followed by six years of supervised
2  release, which commenced in October 2012. Judgment (CR04-461, docket no. 26);
3  Probation Petition and Order (CR04-461, docket no. 28). He was on supervised release
4  when he committed the offenses to which he pleaded guilty in August 2015. Irvis is
5  currently confined at the Federal Correctional Institution in Sheridan, Oregon, and has a
6  projected release date of October 12, 2025.

7  In June 2019, the United States Supreme Court issued <u>Rehaif v. United States</u>, 139
8  S. Ct. 2191 (2019), making clear that the statute prohibiting certain individuals from
9  possessing firearms, 18 U.S.C. § 922(g), requires the Government, in a prosecution for
10 violating the statute, to prove the accused "knew he [or she] belonged to the relevant
11 category of persons barred from possessing a firearm." <u>Id.</u> at 2200. In light of <u>Rehaif</u>,
12 the Government concedes that, when Irvis entered his guilty plea in Case No. CR15-205,
13 he was not accurately advised about all the elements of the crime charged under § 922(g).
14 <u>See</u> Answer at 12-13 (docket no. 7). Irvis contends that this <u>Rehaif</u> error rendered his
15 guilty plea invalid as to both the controlled substance and firearm offenses,[1] and he seeks
16 to vacate his conviction pursuant to 28 U.S.C. § 2255.

17

18 _____

19 [1] The Government asserts that Irvis is not challenging his narcotics conviction and that, as a
   result, the concurrent-sentence doctrine precludes him from obtaining relief as to the felon-in-
20 possession count. The Government reasons that, because Irvis's sentence on the drug offense
   would not change even if the firearm conviction was vacated, the Court should exercise its
21 discretion not to reach the merits of Irvis's <u>Rehaif</u> claim. As acknowledged by the Government,
   the Ninth Circuit has refused to apply the concurrent-sentence doctrine in the context of direct
22 review, <u>see</u> Answer at 3 n.4 (docket no. 7), and for the reasons set forth in <u>Cruickshank v. United
   States</u>, No. C20-924, 2020 WL 7122842 at *3 (W.D. Wash. Dec. 4, 2020), the Court declines to
23 invoke the doctrine to bar Irvis's § 2255 motion.

ORDER - 2

**Discussion**

The Government agrees with Irvis that <u>Rehaif</u> applies retroactively in a collateral challenge and that the pending § 2255 motion was timely brought within one year after <u>Rehaif</u> was decided.  <u>See</u> Answer at 4-5 (docket no. 7).  The Government, however, opposes the requested relief on procedural grounds, namely waiver and procedural default.  The Court is unpersuaded by the Government's contention that Irvis waived his right to collaterally attack his conviction because he is challenging the validity of his guilty plea, including the waiver on which the Government relies.  <u>See</u> <u>United States v. Portillo-Cano</u>, 192 F.3d 1246, 1249-50 (9th Cir. 1999).  The Government is, however, correct that procedural default precludes Irvis from obtaining the remedy he seeks.

Collateral challenges to guilty pleas are strictly limited.  <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998).  If, as in this matter, the voluntariness and intelligence of a guilty plea were not attacked on direct review, then they are procedurally defaulted and may not be raised in a § 2255 motion unless the defendant can show either (i) actual innocence, or (ii) "cause" and actual prejudice.  <u>Id.</u> at 622.  Irvis makes no claim of actual innocence.  Instead, he argues that the requisite "cause" is established by the futility of challenging his guilty plea prior to <u>Rehaif</u>, when the federal circuits were unanimous that knowledge-of-status was not an element of the crime defined in § 922(g), and that a <u>Rehaif</u> error is structural and, thus, he need not demonstrate any prejudice.  Other courts considering these same issues have reached varying results, with the majority deciding against Irvis's position.  <u>See</u>, <u>e.g.</u>, <u>Cruickshank</u>, 2020 WL 7122842 at *4-6 (rejecting both the futility and structural error theories); <u>United States v. Torres</u>, No. 2:11-CR-141, 2020

ORDER - 3

WL 5518606 (D. Nev. Sep. 14, 2020) (finding "cause," but not prejudice, holding that *Rehaif* error is not structural).  *But see* *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020) (concluding, in the context of direct review, that *Rehaif* error is structural and requires automatic vacatur of a guilty plea).[2]

The Court assumes without deciding that Irvis can establish "cause" for the procedural default, *see* *Ibarra v. United States*, No. C20-5592, 2020 WL 7385713 at *3-4 (W.D. Wash. Dec. 16, 2020), but concludes that Irvis cannot demonstrate the requisite prejudice.  The Court agrees with the overwhelming weight of authority that a *Rehaif* error is not structural and, as a result, Irvis must establish actual prejudice, meaning that he must show the *Rehaif* error would have been reversible plain error had it been raised on direct appeal.  *See* *Cruickshank*, 2020 WL 7122842 at *5.  To do so, Irvis must point to evidence from which the Court could conclude, with reasonable probability, that he would have gone to trial rather than pleading guilty if he had been made aware the

---

[2] The Fourth Circuit is currently alone in its view that *Rehaif* error is structural.  The Fifth, Sixth, Eighth, and Tenth Circuits have explicitly rejected the notion.  *See* *United States v. Coleman*, 961 F.3d 1024, 1029-30 (8th Cir. 2020); *United States v. Trujillo*, 960 F.3d 1196, 1204-07 (10th Cir. 2020); *United States v. Lavalais*, 960 F.3d 180, 187-88 (5th Cir. 2020); *United States v. Hicks*, 958 F.3d 399, 401-02 (5th Cir. 2020); *see also* *United States v. Watson*, 820 F. App'x 397, 400 (6th Cir. 2020) (citing *United States v. Hobbs*, 953 F.3d 853 (6th Cir. 2020)).  Petitions for writs of certiorari are, however, pending in each of these cases.  The First, Seventh, and Eleventh Circuits have indirectly eschewed the idea that *Rehaif* error is structural, each requiring the defendant, on direct review, pursuant to the plain error standard, to demonstrate prejudice by showing a reasonable probability that he would not have pleaded guilty if the district court had told him the Government was required to prove he knew of his status as a felon at the time he possessed the gun at issue.  *See* *United States v. McLellan*, 958 F.3d 1110, 1120 (11th Cir. 2020); *United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020); *United States v. Burghardt*, 939 F.3d 397, 403-06 (1st Cir. 2019).  The Ninth Circuit has similarly affirmed a conviction arising from a guilty plea entered before *Rehaif*, declining to address whether *Rehaif* error is structural because the issue was raised for the first time in a reply brief.  *See* *United States v. Espinoza*, 816 F. App'x 82, 84-85 (9th Cir. 2020).

Government was required to prove he knew he was a felon at the time he possessed the firearm at issue. See *Espinoza*, 816 F. App'x at 84.

 Irvis identifies nothing in the record to support a conclusion that, but for the *Rehaif* error, he might have opted to proceed to trial instead of pleading guilty. Indeed, the opposite inference may be drawn from the information before the Court. Prior to his possession of the weapon involved in this matter, Irvis had served a term of 105 months in federal prison, which is much more than the year-long sentence necessary for § 922(g)(1) to transform his possession into a crime. As a result, at the time he pleaded guilty, Irvis could not have reasonably believed that the Government would have had any difficulty proving he knew of his status as a felon. See *United States v. Johnson*, 979 F.3d 632, 638-39 (9th Cir. 2020); see also *Coleman*, 961 F.3d at 1030; *Lavalais*, 960 F.3d at 188 ("convicted felons typically know they're convicted felons"); *McLellan*, 958 F.3d at 1120. *Rehaif* changed nothing about Irvis's chances of an acquittal at trial, and Irvis has offered no explanation for why, if properly advised about the elements of the firearm charge, he would have rejected the plea offer, forfeited the related three-level downward adjustment for purposes of calculating the applicable guideline range, and risked receiving the mandatory minimum 15-year sentence associated with being found an Armed Career Criminal.[3] See *Williams* 946 F.3d at 974 ("Because he has not explained how *Rehaif* has made going to trial a less foolish choice, his only other option is to

---

[3] See Presentence Investigation Report at ¶ 18 (CR15-205, docket no. 23) (indicating that Irvis had three prior convictions for serious drug offenses committed on different occasions); see also 18 U.S.C. § 924(e)(1).

explain why *Rehaif* has made him choose more foolishly.  He has not done so."); see also *Hobbs*, 953 F.3d at 858 (observing that putting the Government to its burden of proof under *Rehaif* would "cost [the defendant] the potential benefit of his plea without gaining him anything"); *Cruickshank*, 2020 WL 7122842 at *5; *Ibarra*, 2020 WL 7385713 at *5 (reasoning that, if a *Rehaif* error does not satisfy the plain error standard applicable to a guilty plea on direct review, the same error is unlikely to meet the higher actual prejudice standard that governs on collateral attack).  Irvis's procedural default is not excused, and his § 2255 motion is DENIED.  In light, however, of the split of authority and pending petitions for writs of certiorari relating to whether *Rehaif* error is structural, the Court will grant Irvis a certificate of appealability.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     Irvis's § 2255 motion, docket no. 1, is DENIED, but Irvis is GRANTED a certificate of appealability on the issue of whether, in the context of a collateral challenge to a guilty plea, *Rehaif* error is structural.  See 28 U.S.C. § 2253(c); see also *Cruickshank*, 2020 WL 7122842 at *7.

(2)     The Clerk is directed to enter judgment consistent with this Order, to send a copy of this Order and the Judgment to all counsel of record, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 11th day of January, 2021.

Thomas S. Zilly
United States District Judge

ORDER - 6